### LUTHER M. KLABOE v. CLIFFORD A. JOHNSON AND OTHERS.

135 N. W. (2d) 187.

April 30, 1965—No. 39,520.

*Benshoof & Hummel,* for appellant.
*Garrity, Cahill & Gunhus,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries sustained by plaintiff, Luther Klaboe, when the automobile he was driving was struck by a bus owned by de-

fendant Doyle Tomhave, doing business as Fergus Bus Company, and driven by his employee, defendant Clifford A. Johnson. At the time of the accident, the bus was transporting school children from Hillcrest Lutheran Academy, owned by Church of Lutheran Brethren of America, a church corporation, also named as a defendant. The accident occurred at about 11 p. m. on January 29, 1963, at the intersection of U. S. Highway No. 59 and Third Avenue in Pelican Rapids.

At the close of plaintiff's case, the court granted defendants' motion to dismiss the action with prejudice, stating:

"I feel that the evidence conclusively shows that plaintiff was guilty of contributory negligence as a matter of law, and I am inclined to believe further that the evidence conclusively shows that defendant was not proceeding in violation of law. The motion for a dismissal with prejudice is granted."

The present appeal is from this order.

Just prior to the accident Johnson had been driving the bus south on U. S. Highway No. 59 through Pelican Rapids, approaching its intersection with Third Avenue in that city. Highway No. 59 extends north and south and constitutes the main thoroughfare through Pelican Rapids. To the north of Third Avenue it is 56 feet in width and thereafter it narrows to 49 feet in width. For purposes of travel, it is a two-lane highway, the remainder of its width being used for parking of cars on either side. Third Avenue, which intersects it, extends in a west and east direction.

At the time of the accident the temperature was 15 degrees below zero, but the traveled portions of the highway described were clear of ice and snow. Plaintiff's car had been parked on the west side of Highway No. 59, some 75 feet north of the intersection, according to his testimony. Because of ice and snow packed against the west curb of No. 59, it was parked about 5 feet out from the curb line. Plaintiff testified that at about 11 p. m. that night, after quitting his work as a mechanic, he had walked over to his car preparatory to driving it away. With respect thereto he testified:

"I walked over to the car and grabbed the door handle and looked up the street and seen a couple of cars coming and I got in and started the engine and watched one as it went by and the other seemed to be lagging and I looked in the mirror and seen it go up the other street, so I put on my lights and started up. I looked in the mirror while turning and couldn't see nothing, and that is the last I remember—no. I seen the street going east. I made the turn and the lights showed, the lights shined on the streets going east."

He also testified that prior to entering the intersection he had lighted his directional signal lights to indicate that he intended to make a left turn therein. There was evidence that debris and automobile parts he had been carrying in his car were found in the east half of the intersection. There was also evidence that from the point where his car had been parked he had proceeded in a diagonal line to the point where it had been struck by the bus in the northeast quarter of the intersection.

The evidence disclosed that plaintiff was 70 years of age at the time and had lost the sight in his right eye; that the vision in his left eye was inadequate and required that he wear lenses for corrective purposes; and that he had purchased a hearing aid to assist in his hearing but had not been wearing it at the time of the accident.

Clifford Johnson, the driver of the bus, testified that when he first saw plaintiff's car it was parked on the west side of No. 59 and that his bus was then about 100 feet to the north; that he then observed that the motor of plaintiff's car was operating and that exhaust fumes were being emitted from its exhaust pipe. He testified that its driving lights had been turned on but that he saw no directional signal lights on it in operation. In a pretrial proceeding, he had testified that such lights could have been on but unobservable from his position in the bus. He testified further that when the bus was about 25 feet to the north of plaintiff's car, the latter started forward toward the intersection; that he had then sounded the horn on the bus, although plaintiff and a passenger on the bus testified that they had not heard the horn being sounded. Johnson testified further that as plaintiff's car proceeded south toward the intersection, the bus had gained upon it

and that for some distance the car and the bus had traveled parallel to each other as they approached the intersection; that at that time he believed plaintiff intended to continue on No. 59 or turn west, and that he had intended to pass him in the intersection; that just before the impact the right front of the bus was about even with the left front door of plaintiff's car; and that the collision occurred in the intersection when plaintiff turned to his left therein.

Other evidence submitted disclosed that the damage to the bus was confined to its right front headlight and right front door, while photographs established that plaintiff's car had been substantially damaged on its left side and left front door. A police officer, called on behalf of plaintiff, testified that the distance from the point where plaintiff's car had been parked to the intersection was approximately 55 feet; that after the accident he had talked to Johnson, who had then stated that he intended to pass plaintiff in the intersection and had speeded up to make a run for the hill to the south of the intersection. The bus came to a stop about 300 feet to the south of the intersection.

Aside from the question of negligence on the part of defendant Johnson, the bus driver, the evidence viewed in the light most favorable to plaintiff clearly establishes as a matter of law that plaintiff was negligent at the time of the accident and that his negligence was a direct and proximate cause of it. It establishes that he had traveled from the space in which his car had been parked on No. 59 in a diagonal southeasterly direction to the northeast corner of the intersection where he turned to his left directly into the right side of the bus, which at that time was parallel to his car. Certainly, had he made the observations which reasonably were required he would have been aware that the bus was approaching the intersection from the north. His failure to discover this resulted in his proceeding into the intersection with the impact described resulting. Minn. St. 169.19, subd. 3, provides: "No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety." Section 169.19, subd. 4, provides: "No person shall turn a vehicle * * * from a direct course or move right or left upon a highway unless and until the movement can be made with reason-

able safety"; and § 169.19, subd. 1, specifies that the driver of a vehicle intending to turn left at an intersection shall approach in that portion of the right half of the roadway nearest the centerline thereof and after entering the intersection shall turn so as to leave it to the right of the centerline of the roadway being entered; and that whenever practicable he shall make the left turn in that portion of the intersection to the left of the center of the intersection.

Plaintiff violated all of such statutory requirements and there is nothing in the evidence to indicate that there were any conditions or circumstances which obstructed his vision or otherwise justified or excused such conduct. While exhaust fumes were being emitted from his car, there is nothing in the record to indicate that they would obstruct his vision. Accordingly, we must hold that the facts described justified the court in granting defendants' motion for dismissal with prejudice to plaintiff by reason of contributory negligence.[1]

Affirmed.

---

[1]Because the decision is adverse to the plaintiff, we do not deem it necessary to pass upon the question involved in defendants' motion to dismiss which is based upon the decease of plaintiff prior to argument here.